**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATBIR SINGH,<br><br>          Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 11-72185<br><br>Agency No. A089-677-390<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Satbir Singh, a native and citizen of India, petitions for review of a Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence, *Baballah v. Ashcroft*, 367 F.3d 1067, 1073 (9th Cir. 2004), and we grant the petition for review and remand.

The agency found that Singh was credible, demonstrated past persecution, and had a rebuttable presumption of a well-founded fear of future persecution. Substantial evidence does not support the agency's finding that the government rebutted his presumption by demonstrating Singh could relocate internally because, despite not being a high-level militant or activist, the police have shown interest in Singh as recently as 2007, and were able to track him from Jalandhar to Mumbai. *See Chand v. INS*, 222 F.3d 1066, 1079 (9th Cir. 2000) ("determination of whether or not a particular applicant's fear is rebutted . . . requires an individualized analysis that focuses on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports."); 8 C.F.R. § 1208.13(b)(3) (requiring adjudicators to consider "all the circumstances of the case").  Thus, Singh is statutorily eligible for asylum.

Further, because he has a presumption of withholding of removal based on his past persecution, and the government has not rebutted it, he is also entitled to withholding of removal.  *See Baballah*, 367 F.3d at 1079.

Accordingly, we remand this case to the agency for the Attorney General to exercise his discretion as to whether to grant Singh asylum, *see* 8 U.S.C. § 1158(b), and to enter an order granting withholding of removal.

In light of our conclusions, we do not address Singh's CAT claim.

**PETITION FOR REVIEW GRANTED; REMANDED.**